| | |
|---|---|
| NOLAN LEE AL-JADDOU, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | ORDER |

On January 28, 2022, Nolan Lee Al-Jaddou ("petitioner"), a federal pretrial detainee at F.M.C. Butner, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1]. Pursuant to an order of deficiency, Order [D.E. 3], petitioner refiled his petition on the forms prescribed for use by the court and moved to proceed *in forma pauperis*, see Corrected Pet. [D.E. 4]; Mot. [D.E. 5]. The court now conducts its initial review under 28 U.S.C. § 2243 and, for the reasons discussed below, dismisses the petition without prejudice.

Petitioner is under indictment in the U.S. District Court for the District of Nebraska for transmission of an interstate communication containing a threat, in violation of 18 U.S.C. § 875(c). See United States v. Al-Jaddou, No. 8:20-cr-00119-JFB-SMB-1 (D. Neb. June 17, 2020), Indictment, [D.E. 1]. On August 6, 2020, the court granted a counseled motion for a mental competency evaluation and, presumably under 18 U.S.C. §§ 4241, 4247, committed petitioner to the custody of the Attorney General. See id., Min. Entry [D.E. 21]. Although this docket reflects that a jury trial was scheduled, see id., Trial Order [D.E. 25], the trial was cancelled on August 12, 2020, see Text Order [D.E. 26], and, on September 28, 2020, the case was reassigned to a different Judge due to the death of the Honorable Laurie Smith Camp, see Text Order [D.E. 27].

Petitioner's corrected petition asserts he is challenging "the validity of being held for the United States Nebraska District, and the validity of their so-called warrant and case [sic]." Corrected Pet. [D.E. 4] at 2. Petitioner notes a prior federal habeas petition was dismissed without prejudice "due to lack of form [sic]." Id. at 5. In support, petitioner argues that the warrant was invalid, his interview was improper, his prosecution is "malicious," there is no actual victim, there was no technical crime because his acts were protected by freedom of speech, an unwarranted search and seizure violated the Fourth Amendment, and his Sixth and Eighth Amendment rights have been violated. Id. at 6–7. For relief, petitioner seeks immediate release and "non-recognition of the United States Nebraska District's faulty and fraudulent claims [sic]." Id. at 7.

A petition for a writ of habeas corpus allows a petitioner to challenge the fact, length, or conditions of custody, and to seek immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 484–85, 499–500 (1973). Although a federal pretrial detainee may file a § 2241 habeas petition, see United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995), eligibility for relief requires the detainee first to exhaust all other available remedies, see Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); Riggins v. United States, 199 U.S. 547, 550–51 (1905); see also Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir. 2018); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987). Civilly committed detainees also must exhaust available remedies before seeking § 2241 relief. See Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010); Burmaster v. Holland, No. 5:16-HC-2102-D, 2017 WL 3438455, at *1 (E.D.N.C. Jan. 17, 2017) (unpublished) (collecting cases), aff'd, 691 F. App'x 795 (4th Cir. 2017) (per curiam) (unpublished).

2

Because it is plain that petitioner did not exhaust his available remedies as to the instant claims by filing motions in his criminal case and taking appeals to the appropriate appellate court, the court dismisses the action without prejudice. See Timms, 627 F.3d at 531 ("[a]lthough . . . 'habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution,' . . . district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted[.]'" (citation omitted)).

To the extent petitioner instead challenges his present conditions of confinement, such claims generally do not sound in habeas corpus. See, e.g., Nelson v. Campbell, 541 U.S. 637, 643, 646 (2004) (noting that "constitutional claims that merely challenge the conditions of a prisoner's confinement" fall outside of the "core" of habeas corpus petitions). Accordingly, the court dismisses any such claims without prejudice as to a future civil-rights action.

In sum, the court: DISMISSES WITHOUT PREJUDICE the action [D.E. 1, 4] to allow petitioner to exhaust his available remedies; DENIES AS MOOT the motion to proceed *in forma pauperis* [D.E. 5]; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to send a copy of this order to the Clerk of Court for the United States District Court for the District of Nebraska. Cf. United States v. Curbow, 16 F.4th 92, 111 (4th Cir. 2021); United States v. Wayda, 966 F.3d 294, 308 (4th Cir. 2020). The clerk shall close the case.

SO ORDERED, this 20th day of July 2022.

/s/ Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge

3